Alan Butler (SBN 281291)
butler@epic.org
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Avenue NW
Washington, DC 20036
Tel: 202.483.1140

*Attorney for Proposed Amicus Curiae*
*Electronic Privacy Information Center*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC, d/b/a NetChoice,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, in his official capacity,<br><br>Defendant. | Case No. 5:24-cv-07885-EJD<br><br>**MOTION OF ELECTRONIC PRIVACY INFORMATION CENTER FOR LEAVE TO SUBMIT BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT**<br><br>Hearing Date: December 17, 2024<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila<br>Court: Courtroom 4, 5th Floor<br><br>Action Filed: November 12, 2024 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT the Electronic Privacy Information Center ("EPIC") respectfully moves for leave to file a brief as *amicus curiae* in support of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. The proposed *amicus curiae* brief is attached to this application as Exhibit A. Defendant consents to the filing of this brief. Plaintiff does not oppose.

## STATEMENT OF INTEREST

The Electronic Privacy Information Center ("EPIC") is a public interest research center in Washington, D.C., established in 1994 to focus public attention on emerging privacy and civil liberties issues. EPIC regularly participates as *amicus* in cases concerning the First Amendment implications of platform regulation. See EPIC, *The First Amendment* (2024).[1]

EPIC was an organizational plaintiff in both *Reno v. ACLU*, 521 U.S. 844 (1997) and *Ashcroft v. ACLU*, 542 U.S. 656 (2004). *Amicus* is wary of regulations that would censor online speech or jeopardize what remains of users' anonymity online. But *Amicus* also recognizes the need for guardrails in the design of online platforms. Kids are especially vulnerable to harm online and deserve special protections. *Amicus* believes that SB 976, which addresses the risks to children that arise from the algorithmic curation of content to maximize time spent on-platform, is a sensible and effective means of confronting technology companies' harmful business practices. *Amicus* has decades of experience evaluating state and federal legislative proposals to regulate the internet, and *Amicus* believes that SB 976's approach to tech regulation is consistent with the First Amendment. *Amicus*'s ultimate interest here is ensuring that the Court's decision about NetChoice's challenge to SB 976 reflects the important limits set by the Supreme Court on First Amendment challenges to regulation, is based on a concrete understanding of how content curation actually works, and takes into account how age assurance can be implemented in ways that protect users' privacy and expression online.

---

[1] https://epic.org/issues/platform-accountability-governance/the-first-amendment-and-platform-regulation/.

MOT. OF EPIC TO SUBMIT *AMICUS CURIAE* BRIEF                                   CASE NO. 5:24-CV-07885-EJD

-1-

# ARGUMENT

*Amicus*'s proposed brief, attached here as Exhibit A, offers important context as this Court considers Plaintiff's motion for a preliminary injunction. *Amicus* addresses the specific provisions of SB 976 in the context of Plaintiff's argument that they inhibit expressive activity and make personalized feeds impossible, informed by *Amicus*'s specific expertise with privacy regulations, free speech, and the underlying technologies at issue. *Amicus* also explains the proper First Amendment considerations for age assurance requirements, informed by our understanding of the underlying technology and our experience evaluating the First Amendment implications of a wide range of laws involving age assurance. *See* EPIC, *Age Assurance* (2024).[2]

This Court has broad power to accept amicus briefs, so long as the brief "is useful or otherwise desirable to the court." *California by and through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Courts in this District have long accepted amicus briefs in similar circumstances—that is, where the proposed amicus offers "unique information or perspective that can help the court beyond" what the parties provide themselves. *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (cleaned up). Where, as here, proposed *Amicus* is a non-profit organization with specific expertise in the issues pending before this court, an *amicus curiae* brief offers a unique perspective that should prove useful to the Court. Especially in light of the lack of opposition by either Party, proposed *Amicus* respectfully requests that the Court grant the application to proceed as *Amicus Curiae*.

---

[2] https://epic.org/issues/platform-accountability-governance/age-assurance/.

# **CONCLUSION**

Accordingly, *Amicus* respectfully request that this Court grant leave to file the attached brief.

Dated: December 10, 2024                    Respectfully submitted,

By: */s/ Alan Butler*

Alan Butler (SBN 281291)
butler@epic.org
ELECTRONIC PRIVACY INFORMATION CENTER
1519 New Hampshire Avenue NW
Washington, DC 20036
Tel: 202.483.1140

*Attorney for Proposed Amicus Curiae Electronic Privacy Information Center*

# CERTIFICATE OF SERVICE

The undersigned certifies that on December 10, 2024, the **MOTION OF ELECTRONIC PRIVACY INFORMATION CENTER TO SUBMIT A BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANT** and attachments were filed with the Clerk of the U.S. District Court for the Northern District of California using the Court's CM/ECF system.

Dated: December 10, 2024         By: */s/ Alan Butler*

Alan Butler (SBN 2812891)
butler@epic.org
Electronic Privacy Information Center
1519 New Hampshire Avenue NW
Washington, DC 20036
Tel: 202.483.1140

*Attorney for Proposed Amicus Curiae Electronic Privacy Information Center*