Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon Grammel*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 955
Telephone: (916) 447-4900
brad@benbrooklawgroup.cm
steve@benbrooklawgroup.com

* Admitted *pro hac vice*.

*Attorneys for Plaintiff NetChoice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETCHOICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>　　　　　Defendant. | Case No. 5:24-cv-07885-EJD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR INJUNCTION PENDING APPEAL** |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR INJUNCTION PENDING APPEAL**

1        An injunction pending appeal is necessary to preserve the status quo ante while the Ninth Circuit considers whether NetChoice has made a "a *colorable* claim that its First Amendment rights have been infringed, or are threatened with infringement" to meet the "likelihood-of-success standard in [this] First Amendment case[]." *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024) (citation omitted) (emphasis added). Defendant has failed to refute that necessity. At bottom, an injunction pending appeal is "appropriate" here "even if the Court believed its analysis in denying preliminary injunctive relief is correct." *Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016).

       *First*, Defendant's procedural objections are insufficient grounds to deny NetChoice its requested relief.

       Defendant was unwilling to stay enforcement of the un-enjoined portions of California Senate Bill 976 ("SB976" or "Act"). *See* ECF 42 at 2. That was well within Defendant's rights. But it also created the circumstances under which NetChoice and its members need immediate relief from the threat that Defendant will enforce SB976's personalized-feeds and default provisions against NetChoice's regulated members. *See* Cal. Health & Safety Code §§ 27001, 27002(b)(2)-(5). These circumstances—already discussed in NetChoice's motion, *see* ECF 42 at 2, 9—adequately satisfy the standards outlined in Defendant's response, *see* ECF 44 at 3-4.

       NetChoice's regulated members will suffer "irreparabl[e] prejudice[]," *Caldwell v. Wells Fargo Bank, N.A.*, 2013 WL 3789808, at *3 (N.D. Cal. July 16, 2013), if they do not receive an injunction pending appeal. *See* ECF 42 at 9. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (citation omitted). Defendant disputes that there is a First Amendment injury. But Defendant does not dispute that covered members will face "*nonrecoverable*" compliance costs. *Ohio v. EPA*, 603 U.S. 279, 292 (2024) (citation omitted; emphasis added); *see* ECF 42 at 9. Nor does he dispute that sovereign immunity prevents later recovery of those expenses. *See Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851-52 (9th Cir. 2009), *vacated on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 565 U.S. 606 (2012). Rather, Defendant asserts that "compliance with the Act's requirements is

1

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR INJUNCTION PENDING APPEAL**

1  both feasible and non-disruptive." ECF 44 at 7. That assertion fails to respond to NetChoice's
2  record evidence demonstrating, *e.g.*, that the Act's compliance burdens are in "excess of [one
3  member's] available budget." Paolucci Decl. ¶ 27.
4       Nor is this an "'emergency' of [NetChoice's] own making." ECF 44 at 4. Rather, it is an
5  emergency created by the short time that California gave websites to come into compliance. The
6  California Legislature passed a law on September 20, 2024, giving regulated companies 103 days
7  to determine whether and how to comply with a law that requires largescale changes to their
8  services—or else seek judicial relief. NetChoice timely brought this lawsuit and sought
9  preliminary injunctive relief providing declarations demonstrating what compliance would require
10 from those companies. And then Defendant sought to extend its deadline to respond to NetChoice's
11 preliminary-injunction motion by a week to account for the Thanksgiving holiday. *See* ECF 15.
12      *Second*, Defendant's arguments on the merits do not grapple with the standard that
13 NetChoice has satisfied: whether NetChoice has established "a *colorable* claim that its First
14 Amendment rights have been infringed, or are threatened with infringement." *Meinecke*, 99 F.4th
15 at 521 (citation omitted; emphasis added). NetChoice's motion amply demonstrates that it has met
16 that standard. *See* ECF 42 at 2-8. At a bare minimum, *Moody* held that "personalized" and
17 "individualized" feeds constitute protected expression—including when they use "algorithms" to
18 implement their editorial policies, even if "most often" websites choose to display speech based
19 on a "user's expressed interests." *Moody v. NetChoice*, 603 U.S. 707, 734-35 (2024). That alone is
20 enough for a "colorable" claim. *Meinecke*, 99 F.4th at 521 (citation omitted).
21      Moreover, Defendant submitted no counter-evidence disputing the record evidence that
22 services operated by regulated NetChoice members—including Facebook and YouTube—use their
23 community standards to moderate content in their personalized feeds. *See Moody*, 603 U.S. at 734-
24 35; ECF 42 at 4-6; Cleland Decl. ¶¶ 8, 23; *e.g.*, Davis Decl. ¶¶ 12, 38-40; Veitch Decl. ¶¶ 21, 24-
25 30. Nor does Defendant contest that these NetChoice members make their community standards
26 publicly available for all to see. *E.g.*, Davis Decl. ¶ 38 & nn.47, 49; Veitch Decl. ¶ 26.
27      In fact, Defendant has now asserted the sweeping power that California could basically ban
28 *all* personalized feeds on the world's major social media websites—including those *for adults*.

After all, if personalized feeds are not expressive and not protected by the First Amendment, then that argument would apply just as equally to personalized feeds for *adults*. *See* ECF 29 at 5-6. Defendant's argument therefore proves far too much, and it was already rejected by *Moody*.

Furthermore, SB976 "colorabl[y]," *Meinecke*, 99 F.4th at 521 (citation omitted), interferes with minors' First Amendment "right to speak or be spoken to" without parental consent. *Brown v. Ent. Merchs. Ass'n*, 564 U.S. 786, 795 n.3 (2011). And any time "the Government restricts speech, the Government bears the burden of proving the constitutionality of its actions." *FEC v. Cruz*, 596 U.S. 289, 305 (2022) (citation omitted).

Accordingly, the Ninth Circuit should be allowed to weigh in before Defendant can begin immediately enforcing §§ 27001, 27002(b)(2)-(5).

DATED: January 2, 2025

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted *pro hac vice*.

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon Grammel*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW,
  Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 955
Telephone: (916) 447-4900
brad@benbrooklawgroup.cm
steve@benbrooklawgroup.com

*Attorneys for Plaintiff NetChoice*

3

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR INJUNCTION PENDING APPEAL**