UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>     Plaintiff,<br><br>v.<br><br>ROB BONTA,<br><br>     Defendant. | Case No.  5:24-cv-07885-EJD<br><br>**ORDER GRANTING IN PART MOTION FOR INJUNCTION PENDING APPEAL**<br><br>Re: ECF No. 42 |

On December 31, 2024, the Court granted in part and denied in part Plaintiff NetChoice's motion to preliminarily enjoin enforcement of SB 976, also known as the Protecting Our Kids from Social Media Addiction Act. ECF No. 39. The law imposed four categories of obligations on social media and other similar companies. Specifically, it required such companies to (1) restrict minors' access to certain personalized feeds, (2) refrain from sending minors notifications during certain times of the day, (3) develop various settings that parents could use to control their kids' social media use, and (4) make public disclosures regarding the number of minors using those companies' services. Cal. Health & Safety Code §§ 27001, 27002, 27005. After receiving expedited briefing and arguments from the parties, the Court declined to enjoin SB 976's personalized feed provisions and two of the settings that SB 976 requires: one limiting minors' ability to view the number of likes and other forms of feedback on their posts, and one creating a "private mode" that restricts third parties from viewing or interacting with minors on social media unless expressly connected with a minor. ECF No. 39. The Court enjoined the notification and compelled disclosure provisions. *Id.*

The same day that the Court issued its order, NetChoice filed a notice of appeal. ECF No. 40. The next day, January 1, 2025, NetChoice moved for an injunction pending appeal under

Federal Rule of Civil Procedure 62(d). In its motion, NetChoice asked the Court to issue a ruling by the close of business on January 2, 2025. Accordingly, the Court directed Defendant to file a response by 11:59 p.m. PT on January 1. ECF No. 43. Defendant did so. ECF No. 44. Then, early this morning, NetChoice filed its reply. ECF No. 45.

When deciding whether to issue an injunction pending appeal, courts apply a standard "similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). Thus, they "consider whether the moving party has demonstrated that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest." *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020).[1]

Applying the preliminary injunction factors can create some tension when a party seeks to appeal a district court's denial of a preliminary injunction. In that circumstance, the district court

---

[1] The Court notes that there may be some inconsistencies in the standards that courts apply when deciding whether to issue injunctions pending appeal. At the Supreme Court level, several individual Justices have applied a much higher standard than the one for preliminary injunctions, requiring an applicant seeking an injunction pending appeal to show that "the legal rights at issue are indisputably clear." *Lux v. Rodrigues*, 561 U.S. 1306, 1307 (2010) (Roberts, C.J., in chambers) (internal quotation marks omitted) (quoting *Turner Broad. Sys., Inc. v. FCC*, 507 U.S. 1301, 1303 (1993) (Rehnquist, C.J., in chambers)); *see also Hobby Lobby Stores, Inc. v. Sebelius*, 568 U.S. 1401, 1403 (2012) (Sotomayor, J., in chambers); *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers); *Calvary Chapel Dayton Valley v. Sisolak*, 140 S. Ct. 2603, 2609 (2020) (Alito, J., dissenting). According to Justice Scalia, the reason for this is because requests for injunctions pending appeal, as opposed to stays pending appeal, "do[] not simply suspend judicial alteration of the status quo but grant[] judicial intervention that has been withheld by lower courts." *Ohio Citizens*, 479 U.S. at 1313. Thus, injunctions pending appeal "demand[] a significantly higher justification." *Id.*; *see also* Stephen I. Vladeck, *A Court of First View*, 138 Harv. L. Rev. 533, 554 nn.138–39 (2024).

On other occasions, though, the Supreme Court has applied the traditional preliminary injunction factors to determine whether an injunction pending appeal is warranted. *See, e.g.*, *Tandon v. Newsom*, 593 U.S. 61, 64 (2021) (per curiam); *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020) (per curiam). The Ninth Circuit and its district courts also appear to apply the traditional injunction factors. *Feldman*, 843 F.3d at 367; *S. Bay United*, 959 F.3d at 939; *Patagonia Area Res. All. v. U.S. Forest Serv.*, No. 23-cv-00280, 2023 WL 7048848, at *1 (D. Ariz. Sept. 13, 2023); *Sanai v. Kruger*, No. 23-cv-01057, 2023 WL 5496802, at *2 (N.D. Cal. Aug. 24, 2023); *Harrosh v. Tahoe Reg'l Plan. Agency,* 640 F. Supp. 3d 962, 984 (E.D. Cal. 2022); *United States v. Birdsong*, No. 17-cv-72, 2019 WL 1026277, at *1 (D. Mont. Mar. 4, 2019). Therefore, the Court applies the traditional preliminary injunction factors.

Case No.: 5:24-cv-07885-EJD
ORDER GRANTING IN PART MOT. FOR INJUNCTION PENDING APPEAL
2

1  would have just concluded that the preliminary injunction factors weighed in favor of denying
2  injunctive relief.  Yet the appealing party, in requesting an injunction pending appeal, would be
3  asking the district court to apply the same factors again to reach a different result.  From that
4  perspective, moving for an injunction pending appeal would essentially be asking the district court
5  to decide that it was wrong before; put differently, an injunction pending appeal would be no
6  different than reconsideration.

7  But courts evaluate injunctions pending appeal using a standard that is "similar" to the one
8  for preliminary injunctions, not one that is identical.  *Feldman*, 843 F.3d at 367.  Thus, it does not
9  follow that parties need to meet the high bar for reconsideration to secure an injunction pending
10  appeal.  *MediNatura, Inc. v. Food & Drug Admin.*, No. 20-cv-2066, 2021 WL 1025835, at *6
11  (D.D.C. Mar. 16, 2021) ("[T]he standard for granting an injunction pending appeal is, at least at
12  times, more flexible than a rigid application of the traditional four-part standard applicable to
13  granting a preliminary injunction.").  Rule 62(d) expressly authorizes district courts to "grant an
14  injunction" while "an appeal is pending from an interlocutory order or final judgment that
15  . . . refuses . . . an injunction."  In other words, Rule 62(d) contemplates that there will be
16  situations where district courts can grant injunctions pending appeal even after denying a
17  preliminary injunction.  *See Am. Beverage Ass'n v. City & Cnty. of S.F.*, No. 15-cv-03415, 2016
18  WL 9184999, at *2 (N.D. Cal. June 7, 2016).  As such, a court may issue an injunction pending
19  appeal even when it "believe[s] its analysis in denying preliminary injunctive relief is correct."  *Id.*

20  This can occur when "the trial court is charting a new and unexplored ground" by "rul[ing]
21  on an admittedly difficult legal question[,] and when the equities of the case suggest that the status
22  quo should be maintained."  *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal.
23  2004) (citations omitted).  That said, the fact that a court previously found that a preliminary
24  injunction was not warranted should carry significant weight, so the circumstances must be of
25  unusual magnitude to justify a district court granting an injunction pending appeal after denying a
26  preliminary injunction.  Only when the legal question raised is particularly important and "serious
27  questions going to the merits" have been raised should a district court consider such a course of
28  action.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (approving of

United States District Court
Northern District of California

1  a similar "sliding scale" approach to preliminary injunctions).  Even then, the remaining injunction

2  factors must tip sharply in favor of an injunction.  *Id.*

3  That is the case here.  As the Court detailed in its preliminary injunction order, the First

4  Amendment issues raised by SB 976 are novel, difficult, and important, especially the law's

5  personalized feed provisions.  ECF No. 39.  If NetChoice is correct that SB 976 in its entirety

6  violates the First Amendment—although the Court does not believe that NetChoice has made such

7  a showing on the current record—then its members and the community will suffer great harm

8  from the law's restriction of speech.  Also, as to NetChoice's members specifically, many may

9  need to make significant changes to their feeds.  Likewise, if NetChoice is correct in its argument,

10 the public interest would tip sharply in its favor because there is a strong interest in maintaining a

11 free flow of speech.  Given that SB 976 can fundamentally reorient social media companies'

12 relationship with their users, there is great value in testing the law through appellate review.

13 For these reasons, the Court finds that an injunction pending appeal is appropriate to allow

14 the opportunity for appellate review of these weighty issues before the law goes into effect.

15 However, Defendant also has a countervailing interest in seeing a duly enacted law (at least, the

16 parts of which this Court has already concluded are likely constitutional) go into effect.

17 Therefore, the Court concludes that an injunction pending appeal is only appropriate to the extent

18 it allows the Ninth Circuit time to consider whether to grant its own injunction pending appeal.

19 Accordingly, the Court **GRANTS IN PART** NetChoice's motion.  Defendant is **ENJOINED**

20 from enforcing the entirety of SB 976 for **thirty (30) days** until **February 1, 2025 at 11:59 p.m.**

21 **PT**.  At that time, if the Ninth Circuit has not extended this injunction pending appeal or issued its

22 own, this injunction shall dissolve and the more limited injunction issued in the Court's

23 preliminary injunction order (ECF No. 39) shall take effect.

24 **IT IS SO ORDERED.**

25 Dated: January 2, 2025

EDWARD J. DAVILA
United States District Judge