Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon Grammel*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted *pro hac vice*.

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Attorneys for Plaintiff NetChoice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETCHOICE,<br><br>        Plaintiff,<br><br>    v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>        Defendant. | Case No.  5:24-cv-07885-EJD<br><br>**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date: March 13, 2025<br>Time: 9:00 am<br>Judge: Hon. Edward J. Davila<br>Courtroom: San Jose, Courtroom 4, 5th Floor |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 13, 2025, at 9:00am, or as soon thereafter as may be convenient for the Court, Plaintiff NetChoice will bring for hearing this motion to stay proceedings in this Court pending appeal.

## RELIEF SOUGHT

Plaintiff NetChoice moves this Court to stay proceedings and all future deadlines in this case while NetChoice's appeal is pending—including any Supreme Court review. NetChoice has appealed this Court's order denying in part Plaintiff's Motion for Preliminary Injunction. ECF 39. This Court granted a time-limited injunction pending appeal that expires at the end of February 1, 2025. ECF 47. NetChoice then moved in the Ninth Circuit for an injunction pending appeal. ECF 48. And the Ninth Circuit has granted NetChoice's motion for injunction pending appeal, expediting the appeal for an April 2025 argument setting. *See* ECF 58. And NetChoice's opening appellate brief on the merits is due January 30, 2025. Nevertheless, Defendant opposes the relief requested in this motion.

The Ninth Circuit's decision will resolve the core First Amendment issues at the heart of this case. This Court has already recognized the importance of appellate review: "Given that SB 976 can fundamentally reorient social media companies' relationship with their users, there is great value in testing the law through appellate review." ECF 47 at 4. To preserve NetChoice's members' rights and to ensure that the parties are not required to conduct inefficient dual-track litigation at the expense of two courts' resources, NetChoice respectfully moves to stay proceedings in this Court while NetChoice's appeal is pending.

## PROCEDURAL HISTORY

NetChoice moved for a preliminary injunction of Defendant's enforcement of California Senate Bill 976 ("Act"). ECF 2. The parties jointly stipulated to a briefing schedule under which Defendant's responsive pleading to NetChoice's complaint is due "no later than 21 days following final resolution of the Motion for Preliminary Injunction – including any appellate proceedings." ECF 15 at 5. Accordingly, there will not be a responsive pleading filed in this case for months—at a minimum.

1

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

On December 31, 2025, this Court partially granted and partially denied NetChoice's motion for preliminary injunction. ECF 39. Particularly relevant here, this Court concluded that: (1) NetChoice's challenges to the Act's assurance requirements (Cal. Health & Safety Code §§ 27001(a)(1)(B), 27002(a)(2), 27006(b)-(c)) were unripe, ECF 39 at 8-14; (2) NetChoice's challenges to the Act's regulations of personalized feeds (Cal. Health & Safety Code §§ 27001(a), 27002(a)(2)) and certain default settings on minors' accounts (*id.* § 27002(b)(2)-(5)) were unlikely to succeed on the merits, ECF 39 at 14-23, 28-29, 31-32; and (3) NetChoice's vagueness challenge to the Act's central coverage definition was unlikely to succeed on the merits, *id.* at 32-33. NetChoice timely appealed. ECF 40.

NetChoice also moved for an injunction pending appeal in this Court. ECF 42. This Court granted that motion, and ordered that Defendant is "**ENJOINED** from enforcing the entirety of SB 976 for **thirty (30) days** until **February 1, 2025 at 11:59 p.m. PT**. At that time, if the Ninth Circuit has not extended this injunction pending appeal or issued its own, this injunction shall dissolve and the more limited injunction issued in the Court's preliminary injunction order (ECF No. 39) shall take effect." ECF 47 at 4. After that, NetChoice moved for an injunction pending appeal in the Ninth Circuit.

The Ninth Circuit granted that motion on January 28, 2025, after applying the same "standard for preliminary injunction in district court." ECF 58. It also expedited the appeal. *Id.* NetChoice's opening brief on the merits is due in the Ninth Circuit on January 30, 2025. And the case is set for argument in April 2025. *Id.*

The initial case management conference in this Court is set for February 13, 2025. ECF 54.

Counsel for NetChoice conferred with Defendant's counsel about staying proceedings in this Court while NetChoice's appeal is pending. Defendant's counsel did not agree to jointly stipulate to stay proceedings

## ARGUMENT

NetChoice satisfies the conditions for a stay of proceedings because: "(1) there is a 'fair possibility' of 'hardship or inequity,' (2) it would not result in 'undue delay,' or (3) 'it is efficient for [the court's] docket and the fairest course for the parties to enter a stay of an action before it,

pending resolution of [ ] proceedings which bear upon the case." *Harville v. Three Wishes Foods, Inc.*, 2023 WL 4535476, at *1 (N.D. Cal. July 13, 2023) (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). Any one of these conditions is sufficient to grant NetChoice a stay of proceedings. *See id.* NetChoice can demonstrate all three.

At bottom, the resolution of NetChoice's appeal will lend greater clarity to the course of proceedings in this Court. Accordingly, this Court should stay proceedings pending NetChoice's appeal.

*First*, NetChoice and its members face "hardship or inequity" absent a stay. *Id.* (citation omitted). Without a stay, NetChoice will be required to conduct dual-track litigation in this Court and the Ninth Circuit. And the litigation in this Court will lack the Ninth Circuit's guidance on what the Court has acknowledged are "novel, difficult, and important" questions. ECF 47 at 4. Without that guidance, the "parties would expend additional resources litigating [ ] theories that may be" undermined by the Ninth Circuit. *Harville*, 2023 WL 4535476, at *2.

Gaining greater clarity before proceeding to discovery is especially important here, because this is a First Amendment case. The First Amendment doctrines invoked by NetChoice exist precisely to facilitate decisions with "minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 469 (2007) (controlling plurality op. of Roberts, C.J.); *see also Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539, 546 (1963) ("[I]t is an essential prerequisite to the validity of an investigation which intrudes into the area of constitutionally protected rights of speech . . . that the State convincingly show a substantial relation between the information sought and a subject of overriding and compelling state interest.").

*Second*, a stay of proceedings pending appeal "would not result in undue delay." *Harville*, 2023 WL 4535476, at *1 (citation omitted). As an initial matter, any delay would not be "*undue*." *Id.* (emphasis added) Because the Ninth Circuit's decision would clarify the legal issues in the case, it would preserve judicial and party resources to wait for the Ninth Circuit's decision.

The current scheduling order in this case already contemplates some "delay." *Id.* The parties jointly stipulated—and this Court ordered—that Defendant's responsive pleading to

NetChoice's Complaint is due "no later than 21 days following final resolution of the Motion for Preliminary Injunction – *including any appellate proceedings*." ECF 15 at 5 (emphasis added). In other words, the schedule the parties agreed to months ago contemplated that an appeal could halt proceedings in this Court.

Furthermore, both this Court and Defendant have concluded that NetChoice's challenge to the Act's age-assurance provisions are not ripe because they are effective January 1, 2027, and "the regulations governing age assurance have not yet been issued." ECF 39 at 7; *see* ECF 18 at 7 ("The requirements are not in effect until 2027, and their specifics are still to be determined."). Although NetChoice disagrees, *see, e.g.*, ECF 29 at 1-2; staying the litigation will also allow the Attorney General time to promulgate those regulations.

*Third*, "it is efficient for [the court's] docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of [ ] proceedings which bear upon the case." *Harville*, 2023 WL 4535476, at *1. The Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at *3 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, the Ninth Circuit's decision will [ ] provide guidance to this Court," *id.* (citation omitted); about what the Court has called "novel, difficult, and important" questions of constitutional law, ECF 47 at 4; *see Roffman v. Rebbl, Inc.*, 2023 WL 4186011, at *2 (N.D. Cal. June 26, 2023) (staying litigation when "the Ninth Circuit's decision would provide guidance on two of [ ] three theories of liability," even "if they do not resolve all of [the] claims"). That is especially true after the Ninth Circuit granted NetChoice an injunction pending appeal, applying the same "standard for preliminary injunction in district court." ECF 58.

## CONCLUSION

Accordingly, NetChoice respectfully requests this Court stay proceedings while NetChoice's appeal is pending—including any future Supreme Court review.

DATED: January 29, 2025

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted *pro hac vice*.

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon Grammel*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW,
   Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com
steve@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

*Attorneys for Plaintiff NetChoice*

5
**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**