Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon G. Denmark*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted pro hac vice.

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Attorneys for Plaintiff NetChoice*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETCHOICE,<br><br>   Plaintiff,<br><br> v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>   Defendant. | Case No. 5:24-cv-07885-EJD<br><br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report, in response to this Court's order setting a February 13, 2025, status conference and requesting that the "Parties should be prepared to discuss a case schedule."

**A. Joint statement of the current status of case and upcoming deadlines.**

NetChoice filed suit and moved for a preliminary injunction of Defendant's enforcement of California Senate Bill 976 (2024) ("Act") on November 12, 2024. ECF 1-2.

On December 31, 2024, this Court partially granted and partially denied NetChoice's motion for preliminary injunction. ECF 39. NetChoice moved for an injunction pending appeal in this Court. ECF 42. This Court granted a 30-day injunction pending appeal. ECF 47 at 4. After that, NetChoice moved for an injunction pending appeal in the Ninth Circuit.

The Ninth Circuit granted that motion on January 28, 2025. ECF 58. It also expedited the appeal. *Id.* NetChoice's opening brief on the merits was filed in the Ninth Circuit on January 30, 2025. Defendant's answering brief is due on February 27, 2025. And the case is set for argument on April 2, 2025. *Id.*

On January 29, 2025, Plaintiff filed an opposed motion to stay proceedings, which is set for hearing on March 13, 2025. ECF 59. Defendant's deadline to oppose is February 12, 2025. *Id.*

The initial case management conference in this Court is also set for March 13, 2025—with a joint case management statement due by February 28, 2025. ECF 54.

**B. Parties' individual proposed schedules for case.**

The parties disagree about a proposed schedule for the case at this time.

**Plaintiff NetChoice's Proposed Schedule:** As NetChoice has explained in its pending motion, proceedings in this Court should be stayed—and all hearings and conferences continued—while NetChoice's appeal of this Court's preliminary injunction order is pending. *See* ECF 59. The Ninth Circuit is set to hear the preliminary injunction appeal on April 2, 2025, ECF 58, and thus a stay would not impose an undue delay. Moreover, the Ninth Circuit's eventual decision will outline the proper First Amendment inquiries on remand to this Court. *Id.* In turn, that legal framework will shape the eventual case-management order, including: (1) a proposed deadline for amendments to the pleadings; (2) what fact discovery is necessary, and over what time frame (if any);

(3) whether expert discovery is necessary; (4) whether any issues can be narrowed; and (5) when this case should be ready for a merits determination. *See* Standing Order: Contents of Joint Case Management Statement, N.D. Cal., https://tinyurl.com/3jccjauz.

Thus, before litigation in this Court proceeds, the parties and the Court should have the benefit of that guidance.

Defendant's responsive-pleading deadline anticipated that an appeal of any preliminary injunction order would be relevant to the next steps in this case. The parties *jointly* stipulated to a briefing schedule under which Defendant's responsive pleading to NetChoice's complaint is due "no later than 21 days following final resolution of the Motion for Preliminary Injunction – including any appellate proceedings." ECF 15 at 5. Thus, this case should not proceed to a case management conference—let alone to discovery—before Defendant has even filed a responsive pleading.

In addition, staying the proceedings in this case will allow Defendant more time "to promulgate regulations implementing" the Act's challenged "age assurance provisions." *NetChoice v. Bonta*, 2024 WL 5264045, at *6 (N.D. Cal. Dec. 31, 2024). Although NetChoice believes those provisions are ripe for challenge now, this Court disagreed. *E.g.*, *id.* So giving Defendant more time to issue even a proposed rule will shed light on how litigation should proceed as to the Act's age-assurance requirements.

Nevertheless, NetChoice will confer with Defendant about a proposed schedule to set forth in the parties' upcoming joint case management statement—should proceedings not be stayed. In all events, the schedule adopted by this Court should account for the pending Ninth Circuit appeal. Defendant's current proposal does not do so. For example, Defendant would set the "last day to serve written discovery and deposition notices" for April 4, 2025—which is a mere two days after Ninth Circuit oral argument. In addition, Defendant would have the parties' opening summary judgment motions due on October 17, 2025, when there is no guarantee that the Ninth Circuit will have issued its decision. The best way to ensure that proceedings in this Court do not outstrip the Ninth Circuit is to stay proceedings in this Court.

Accordingly, NetChoice proposes that this Court stay the proceedings pending NetChoice's appeal of this Court's preliminary injunction order.

**Defendant Rob Bonta's Proposed Schedule:** Defendant will set forth his full position on a stay of proceedings pending appeal in his opposition to Plaintiff's pending motion. Defendant notes briefly that he does not share Plaintiff's view that the Ninth Circuit's decision on any preliminary injunction questions should affect the feasibility of proceeding to the fact-development phase. The Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). And indeed it is *more* efficient, not less, to proceed to discovery now. As the Ninth Circuit has said,

> [b]ecause of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.

*Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)). That point is particularly relevant here, in a case that depends on a "wide-ranging" factual showing at the threshold. *NetChoice v. Bonta*, No. 5:24-CV-07885-EJD, 2024 WL 5264045, at *10 n.4 (N.D. Cal. Dec. 31, 2024).

Finally—and reserving full argument for Defendant's opposition brief—Defendant recognizes the Court's "inherent power to control its docket and promote efficient use of judicial resources," *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), and asks only that the Court consider these issues.

In the meantime, Defendant proposes the following discovery and briefing schedules. In response to Plaintiff's concerns about scheduling, Defendant believes these proposals are feasible in light of the Ninth Circuit's expedited consideration of Plaintiff's appeal.

Defendant's proposed discovery schedule:

- Last Day to Serve Written Discovery and Deposition Notices (Other Than Experts)—April 4, 2025
- Last Day to Serve Opening Expert Reports—May 9, 2025

- Last Day to Serve Rebuttal Expert Reports—June 6, 2025
- Last Day to Serve Sur-Rebuttal Expert Reports—July 11, 2025
- Last Day to Serve Deposition Notices (Experts)—July 18, 2025
- Last Day to Hear Discovery Motions—August 15, 2025
- Fact and Expert Discovery Cut Off—September 19, 2025

<u>Defendant's proposed briefing schedule:</u>

- Last Day to File Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine)—October 17, 2025
- Last Day to File Oppositions to Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine)—November 21, 2025
- Last Day to File Replies in Support of Motions for Summary Judgment and All Other Motions (except *Daubert* and all other Motions in Limine)—December 19, 2025

DATED: Februry 6, 2025

| | |
|---|---|
| Bradley A. Benbrook (SBN 177786)<br>Stephen M. Duvernay (SBN 250957)<br>**BENBROOK LAW GROUP, PC**<br>701 University Avenue, Suite 106<br>Sacramento, CA 95825<br>Telephone: (916) 447-4900<br>brad@benbrooklawgroup.com<br>steve@benbrooklawgroup.com<br><br>Joshua P. Morrow*<br>**LEHOTSKY KELLER COHN LLP**<br>408 W. 11th Street, 5th Floor<br>Austin, TX 78701<br>(512) 693-8350<br>josh@lkcfirm.com<br><br>Jared B. Magnuson*<br>**LEHOTSKY KELLER COHN LLP**<br>3280 Peachtree Road NE<br>Atlanta, GA 30305<br>(512) 693-8350<br>jared@lkcfirm.com<br><br>* Admitted *pro hac vice*. | */s/ Steven P. Lehotsky*<br>Steven P. Lehotsky*<br>Scott A. Keller*<br>Jeremy Evan Maltz*<br>Shannon G. Denmark*<br>**LEHOTSKY KELLER COHN LLP**<br>200 Massachusetts Avenue, NW,<br>  Suite 700<br>Washington, DC 20001<br>(512) 693-8350<br>scott@lkcfirm.com<br>steve@lkcfirm.com<br>jeremy@lkcfirm.com<br>shannon@lkcfirm.com |

*Attorneys for Plaintiff NetChoice*

DATED: February 6, 2025

*/s/ Christopher J. Kissel*
ROB BONTA, State Bar No. 202668
Attorney General of California
LARA HADDAD, State Bar No. 319630
Supervising Attorney General
JENNIFER E. ROSENBERG, State Bar No. 275496
SHIWON CHOE, State Bar No. 320041
CHRISTOPHER J. KISSEL, State Bar No. 333937
Deputy Attorneys General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

**JOINT STATUS REPORT**