1  ROB BONTA
   Attorney General of California
2  LARA HADDAD, State Bar No. 319630
   Supervising Deputy Attorney General
3  JENNIFER E. ROSENBERG, State Bar No. 275496
   SHIWON CHOE, State Bar No. 320041
4  CHRISTOPHER J. KISSEL, State Bar No. 333937
   Deputy Attorneys General
5    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013-1230
6    Telephone:  (213) 269-6388
     E-mail:  Christopher.Kissel@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta, in his official
   capacity as Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>          Defendant. | No. 5:24-cv-07885-EJD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date:   March 13, 2025<br>Time:   9:00 a.m.<br>Dept:   4 (Fifth Floor)<br>Judge:   The Honorable Edward J. Davila<br>Trial Date:  None set.<br>Action Filed: November 12, 2024 |

**RELEVANT FACTS AND ISSUE TO BE DECIDED**

California enacted the Protecting Our Kids From Social Media Addiction Act (SB 976) on September 20, 2024. *See* SB 976, 2023-2024 Leg., Reg. Sess. (Cal. 2024). On November 12, 2024, Plaintiff filed this case and moved for a preliminary injunction seeking to stop SB 976 from going into effect on January 1, 2025. ECF 1, 2. This Court held a hearing on the motion for a preliminary injunction on December 17, 2024. ECF 37.

On December 31, 2025, this Court denied the motion in part and granted it in part. *NetChoice v. Bonta*, No. 5:24-CV-07885-EJD, 2024 WL 5264045 (N.D. Cal. Dec. 31, 2024). First, the Court concluded that Plaintiff had not shown a likelihood of success on its claims that SB976's addictive-feed and default-setting provisions facially violate the First Amendment. *Id.* at *8–13, *16, *18. As to the addictive-feed provisions specifically, the Court explained that Plaintiff "failed to demonstrate a colorable facial claim" because it failed to "provide[] a record demonstrating that more personalized feeds than not are actually expressive." *Id.* at *13. The Court also ruled that Plaintiff's challenge to SB 976's age assurance provisions is not prudentially ripe, *id.* at *5–8, rejected Plaintiff's vagueness challenge, *id.* at *19, and concluded that Plaintiff lacks associational standing to bring an as-applied claim on behalf of its members, *id.* at *18.

The Court granted the remainder of Plaintiff's motion, finding preliminarily for Plaintiff as to its challenge to SB 976's restriction on certain notifications, *id.* at *13–16, and SB 976's requirement that companies make certain disclosures, *id.* at *18. And it closed by emphasizing that it had "decided this motion on a highly abbreviated schedule and the parties had the opportunity to assemble only a thin record in that time," "emphasiz[ing] that this preliminary injunction order is just that—preliminary." *Id.* at *20.

Plaintiff appealed the portion of the order denying its motion in part. ECF 40. It also moved in this Court for an injunction pending appeal, which this Court granted in part with the caveat that the injunction was "only appropriate to the extent it allows the Ninth Circuit time to consider whether to grant its own injunction pending appeal." *NetChoice v. Bonta*, No. 5:24-CV-07885-EJD, 2025 WL 28610, at *3 (N.D. Cal. Jan. 2, 2025). This Court adhered to its previous

1

conclusion that Plaintiff had not made a showing, on the current record, that the addictive-feed and default-setting provisions are unconstitutional, while acknowledging that "the First Amendment issues raised by SB 976 are novel, difficult, and important." *Id.* at *2. Plaintiff then moved in the Ninth Circuit for an injunction pending appeal. ECF 48. The Ninth Circuit granted the motion on January 28, 2025, in a single-page order that did not state the Court's reasoning. ECF 58. Meanwhile, Plaintiff's underlying appeal is scheduled to be heard on April 2, 2025. *Id.*

After the Ninth Circuit's ruling, Plaintiff asked whether Defendant would stipulate to stay all proceedings in this case. Defendant declined to stipulate. Plaintiff now moves this Court to stay all proceedings.

## ARGUMENT

As a "general principle," "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). That inherent power of docket control encompasses the discretion to decide when a stay of proceedings is appropriate. *Id.* But the Ninth Circuit has explained that there are "certain restrictions on what otherwise might be an unfettered exercise of discretion." *Id.* One is whether a stay would result in undue delay. *Id.* Defendant declined to stipulate to a stay here, and now opposes Plaintiff's motion, because a stay would result in undue delay. Specifically, in Defendant's view, it would be more efficient, and thus in the interests of both parties and the Court, to proceed with discovery while the Ninth Circuit considers Plaintiff's interlocutory challenge to this Court's denial of purely-preliminary relief.

In short, Defendant does not believe that the pending appeal prevents the parties from working to illuminate First Amendment questions that, as this Court has concluded, are intensely fact-bound. Indeed, the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). As that Court has said,

> [b]ecause of the limited scope of our review of the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, our disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits.

2

1    *Id.* (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012)). In other words, because of
2    the preliminary and interlocutory nature of the relief Plaintiff now seeks in the Ninth Circuit, it
3    should be *more* efficient, not less, to proceed to discovery now. That is particularly so given the
4    "wide-ranging" factual showing Plaintiff must make at the threshold in order to advance its facial
5    claims. *NetChoice*, 2024 WL 5264045, at *10 n.4.

6    For its part, Plaintiff argues that "[t]he Ninth Circuit's decision will resolve the core First
7    Amendment issues at the heart of this case," ECF 59 at 1, and that continuing with discovery will
8    require it to "conduct dual-track litigation," *id.* at 3. But not all core issues in this case are before
9    the Ninth Circuit; the portions of this Court's December 31 order granting Plaintiff's motion were
10   not appealed. And even the questions that *are* before that Court "may provide little guidance as to
11   the appropriate disposition on the merits," *see Azar*, 911 F.3d at 583, such that "dual-track
12   litigation" may be the most efficient way to proceed. For instance, even if the Ninth Circuit
13   disagrees with this Court and concludes that Plaintiff *has* made a preliminary showing that its
14   addictive-feed challenge is likely to succeed, that preliminary conclusion, based on preliminary
15   facts, would not bind this Court's resolution of the parties' dispute on the merits. Instead, this
16   Court's merits determination must be built on a fully developed record that shows which feeds are
17   actually regulated under the statute and "how regulated feeds actually function." *NetChoice*, 2024
18   WL 5264045, at *12.

19   Plaintiff argues that the parties stipulated to extend Defendant's deadline to respond to the
20   Complaint, and thus that the schedule already contemplates some "delay." ECF 59 at 3. But
21   Plaintiff points to no part of the parties' stipulation, nor the Federal Rules of Civil Procedure, that
22   preclude discovery from commencing. Nor could the parties have foreseen, in the earliest days of
23   this case, precisely how subsequent events in the case would unfold.

24   Plaintiff also argues that staying proceedings would allow Defendant to promulgate
25   regulations on age assurance. *Id.* at 4. But because the age assurance provisions do not go into
26   effect until 2027, any possible delay in adjudicating issues around those provisions is not
27   particularly relevant. It is much more pressing that the Court adjudicate those elements of SB 976
28   that were originally intended to go into effect on January 1, so that the State may proceed to

enforce them and thereby further the "important government interest" in "the protection of children's health." *NetChoice*, 2024 WL 5264045, at *15.

Finally, Plaintiff broadly suggests that its First Amendment interests entitle it to resolution of this case without "burdensome litigation" and with "minimal if any discovery," quoting Chief Justice Roberts's opinion for himself and Justice Alito in *FEC v. Wisconsin Right to Life*. ECF 59 at 3 (quoting 551 U.S. 449, 469 (2007)). But that case is inapposite. *Wisconsin Right to Life* concerned an as-applied challenge to a very different statute from SB 976. *See* 551 U.S. at 469. Read in context, the quoted language relates only to the Chief Justice's case-specific point that "the proper standard for an as-applied challenge to [the Bipartisan Campaign Reform Act, or BCRA] must . . . focus[] on the substance of the communication" at issue. *Id.* The BCRA standard, the Chief Justice explained, "must entail minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." *Id.*

Unlike *Wisconsin Right to Life*, this case includes an as-applied claim but centers on a facial challenge. More importantly, in *Wisconsin Right to Life*, it certainly *was* true that "minimal if any discovery" was needed to illuminate "the substance of the communication" at issue, which consisted of three specific TV ads. But the alleged "communication at issue" in Plaintiff's sweeping facial challenge consists of "the entire spectrum of personalized feeds in existence." *NetChoice*, 2024 WL 5264045, at *10 n.4. Thus, "much of the First Amendment analysis depends on a close inspection of how regulated feeds actually function." *Id.* at *12. And here, as in *Moody v. NetChoice*, "the record is underdeveloped," making it impossible at this juncture "to consider the scope of the laws' applications, and weigh the unconstitutional as against the constitutional ones," as the Court must in a facial free speech challenge. 603 U.S. 707, 726 (2024). The nature of this case therefore demands full discovery.

In sum, Defendant opposes Plaintiff's stay motion because a stay would cause undue delay and would not serve the interest in efficiency shared by both parties and the Court. Defendant respectfully asks the Court to consider that delay in deciding whether a stay of all proceedings is warranted.

Dated: February 11, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
LARA HADDAD
Supervising Deputy Attorney General
JENNIFER E. ROSENBERG
SHIWON CHOE
Deputy Attorneys General

*/s/ Christopher J. Kissel*
CHRISTOPHER J. KISSEL
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as California Attorney General*

# CERTIFICATE OF SERVICE

Case Name:   **NetChoice v. Bonta**             Case No.   **5:24-cv-07885**

I hereby certify that on **February 11, 2025**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system, as addressed as followed:

Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon Grammel*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
Email Addresses: steve@lkcfirm.com; scott@lkcfirm.com; jeremy@lkcfirm.com; shannon@lkcfirm.com
*Attorneys for Plaintiff NetChoice*

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
**Email Address**: josh@lkcfirm.com
*Attorneys for Plaintiff NetChoice*

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
**Email Address**: jared@lkcfirm.com
*Attorneys for Plaintiff NetChoice*

Bradley A. Benbrook*
Stephen M. Duvernay*
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
**Email Address**: brad@benbrooklawgroup.com; steve@benbrooklawgroup.com
*Attorneys for Plaintiff NetChoice*

* *Pro hac vice* forthcoming.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **February 11, 2025**, at Los Angeles, California.

| J. Martinez | *J. Martinez* |
|:---:|:---:|
| Declarant | Signature |

SA2024305195
67234064.docx