Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon G. Denmark*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted *pro hac vice*.

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Attorneys for Plaintiff NetChoice*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETCHOICE,<br><br>               Plaintiff,<br><br>   v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>               Defendant. | Case No. 5:24-cv-07885-EJD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>Date: March 13, 2025<br>Time: 9:00 am<br>Judge: Hon. Edward J. Davila<br>Courtroom: San Jose, Courtroom 4, 5th Floor |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Defendant's opposition (ECF 62) to Plaintiff NetChoice's Motion to Stay Proceedings (ECF 59) does not offer any compelling reason why proceedings in this Court must barrel ahead while the Ninth Circuit considers the "novel, difficult, and important" "First Amendment issues raised by SB 976." ECF 47 at 4. Just as this Court granted an injunction pending appeal "to allow the opportunity for appellate review of these weighty issues," *id.*, it should stay this case during appellate proceedings. The Ninth Circuit will likely make precedential, binding holdings on questions of law at the core of this case, and those will define the scope of any remaining legal issues and factual disputes. It will most likely dictate what the parties will need to brief, in addition to the scope of what facts are relevant for any potential discovery. A stay of these proceedings will thus efficiently give this Court the benefit of the Ninth Circuit's ruling while eliminating possibly wasted process in the interim that could contradict the Ninth Circuit's ruling.

Accordingly, this Court should stay proceedings before the parties must submit their proposed case management order, on February 28, 2025.

**Argument**

NetChoice has demonstrated that it satisfies any one of three sufficient criteria for a stay of proceedings: "(1) there is a 'fair possibility' of 'hardship or inequity,' (2) it would not result in 'undue delay,' or (3) . . . 'it is efficient for [the court's] docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of [ ] proceedings which bear upon the case." *Harville v. Three Wishes Foods, Inc.*, 2023 WL 4535476, at *1 (N.D. Cal. July 13, 2023) (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)).

**I.    A stay of proceedings would not cause "undue delay."**

Defendant primarily argues that a stay of proceedings would result in "undue delay." ECF 62 at 2. Yet waiting for appellate proceedings—which probably will resolve core legal issues at the heart of this lawsuit—will result in merely a stay of "short, or at least reasonable, duration." *Dependable Highway*, 498 F.3d at 1067. As Defendant acknowledges, "the Ninth Circuit[]" is engaging in "expedited consideration of Plaintiff's appeal." ECF 60 at 3. NetChoice already submitted its opening brief, and the Ninth Circuit will hear oral argument on April 2, 2025. *Id.* at 1.

1

Accordingly, Defendant's reliance on the outlier facts in *Dependable Highway* is misplaced. That case concerned a situation where a district court stayed a case to allow for arbitration proceedings "in a foreign country when it remain[ed] unclear whether [the party opposing the stay] even agreed to arbitrate and where a foreign court has already levied legal and equitable penalties against it." *Dependable Highway*, 498 F.3d at 1066. Under those circumstances, the "indefinite stay" could cause "undue delay" because there was "no specific deadline for when the stay will terminate" and "[i]n the nearly *two years* that have passed since the [stay] order issued, [the court] had] received no indication that any arbitration proceedings ha[d] commenced[,] . . . let alone concluded." *Id.* at 1066-67 (emphasis added). So the Ninth Circuit reversed that stay order because both "the stay [was] likely to do damage to [the party opposing the stay], and it is unclear when the stay might lift, if at all." *Id.* at 1067.

Here, by contrast, there are no such concerns. There is no question NetChoice has a right to an appeal. *See* 28 U.S.C. § 1292(a)(1). Nor can there be any argument that the Ninth Circuit is imposing "legal and equitable penalties against" Defendant that counsel against a stay. *Dependable Highway*, 498 F.3d at 1066. Rather, staying proceedings while the Ninth Circuit considers an expedited appeal is precisely the sort of temporary delay that is well within this Court's authority to grant.

**II.  The Ninth Circuit's resolution of the appeal will provide the parties and the Court with useful guidance as to the remainder of proceedings and will promote judicial efficiency.**

Proceedings in this Court should await the Ninth Circuit's resolution of what this Court called "novel, difficult, and important" questions. ECF 47 at 4. Everything from the scope of discovery to the timing for dispositive motions may depend on what the Ninth Circuit holds—and when. So a stay of proceedings would promote judicial efficiency. *Harville*, 2023 WL 4535476, at *1; *see* ECF 59 at 3-4.

Defendant responds that the Ninth Circuit's "disposition of appeals from *most* preliminary injunctions *may* provide little guidance as to the appropriate disposition on the merits." ECF 62 at 2 (emphases added) (quoting *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018)). But Defendant does not explain why *this* is such a case where the appeal will provide "little guidance." To support

2

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING APPEAL**

his arguments, Defendant repeatedly cites *this Court's* discussion of NetChoice's arguments and the factual inquiries they purportedly require. *E.g.*, *id.* at 2-3.

But the Ninth Circuit may differ from this Court in its evaluation of NetChoice's claims and what further factual development they require, if any. The Ninth Circuit already granted NetChoice an injunction pending appeal after applying the same "standard . . . employed by district courts in deciding whether to grant a preliminary injunction." ECF 58. That standard includes an evaluation of likelihood of success on the merits. *Feldman v. Ariz. Sec'y of State*, 843 F.3d 366, 367 (9th Cir. 2016). So there is substantial reason to believe that the Ninth Circuit's appellate proceedings will outline a different legal analysis for NetChoice's claims, and one that requires different factual showings. For instance, the Ninth Circuit may well disagree with this Court that "much of the First Amendment analysis depends on a close inspection of how regulated feeds actually function." ECF 39 at 22. If so, there would be no need into discovery to facilitate that "close inspection." Before discovery begins, therefore, the parties should know what legal issues remain.

Nevertheless, Defendant would have this Court leapfrog the Ninth Circuit entirely. That would be inefficient. The best illustration of the inefficiency is Defendant's proposal that this Court set a case management schedule that could ignore the Ninth Circuit's eventual decision entirely. ECF 61 at 3-4. For example, Defendant proposed setting the "last day to serve written discovery and deposition notices" for April 4, 2025—which is a mere two days after just the *oral argument* in the Ninth Circuit. ECF 60 at 3. That would result in inefficient discovery proceedings. There is a near-certainty that the parties will serve discovery requests that lack the Ninth Circuit's guidance about the relevant inquiries. In addition, Defendant proposed that the parties would submit their opening summary judgment motions on October 17, 2025. *Id.* at 4. But there is no guarantee that the Ninth Circuit will have issued its decision by that date, even though the Ninth Circuit has expedited the appeal. So Defendant's proposal raises a pronounced risk that the parties will need to engage in even more briefing to adapt to the Ninth Circuit's decision. And all of this discovery

and briefing may take place *before Defendant has even filed a responsive pleading*—because Defendant's responsive-pleading deadline depends on resolution of the Ninth Circuit's appeal. ECF 59 at 3-4.

Defendant does not dispute that a stay could promote efficiency in another way: by giving Defendant more time to promulgate age-assurance regulations. ECF 59 at 4 (citing ECF 18 at 7; ECF 39 at 7). That is an added benefit that could promote efficiency, by allowing this Court to resolve all of the issues raised by California Senate Bill 976.

### III. The First Amendment counsels in favor of a stay of proceedings to avoid hardship to NetChoice and its members.

A stay would also prevent hardship to NetChoice and its members. *Harville*, 2023 WL 4535476, at *1; *see* ECF 59 at 3. And a stay is especially warranted in this First Amendment case. As NetChoice has argued, the First Amendment generally requires "minimal if any discovery, to allow parties to resolve disputes quickly without chilling speech through the threat of burdensome litigation." ECF 59 at 3 (quoting *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 469 (2007) (controlling plurality op. of Roberts, C.J.)). Here, that means that the contours of the First Amendment analysis should be resolved—and the boundaries of discovery firmly set—by the Ninth Circuit before Defendant is permitted to seek the "'wide-ranging'" discovery it argues this case "demands." ECF 62 at 3-4 (quoting this Court).

Defendant responds that the nature of the claim in *Wisconsin Right to Life* case gave rise to minimal discovery, unlike here. ECF 62 at 4. "'[T]he proper standard for an as-applied challenge to [the Bipartisan Campaign Reform Act, or BCRA] must . . . focus[] on the substance of the communication' at issue. . . . [I]n *Wisconsin Right to Life*, it certainly was true that 'minimal if any discovery' was needed to illuminate 'the substance of the communication' at issue, which consisted of three specific TV ads." *Id.* Defendant's response illustrates an important point: The scope of permissible discovery in First Amendment cases must hew carefully to what facts are "pertinent" to prevail on the First Amendment challenge. *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 618 (2021). Otherwise, discovery could unduly intrude into protected First Amend-

ment activity and impose an *additional* First Amendment harm. Here, NetChoice's appeal concerns precisely the question of what NetChoice must show to prevail on its First Amendment challenge.

So proceedings in this Court should await the Ninth Circuit's determination of what showing NetChoice must make.

## CONCLUSION

Accordingly, NetChoice respectfully requests this Court stay proceedings while NetChoice's appeal is pending.

DATED: February 18, 2025

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted *pro hac vice*.

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon G. Denmark*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW,
   Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com
steve@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

*Attorneys for Plaintiff NetChoice*