Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
Shannon G. Denmark*
**LEHOTSKY KELLER COHN LLP**
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com
shannon@lkcfirm.com

Joshua P. Morrow*
**LEHOTSKY KELLER COHN LLP**
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Jared B. Magnuson*
**LEHOTSKY KELLER COHN LLP**
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

* Admitted *pro hac vice*.

*Attorneys for Plaintiff NetChoice*

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
**BENBROOK LAW GROUP, PC**
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NETCHOICE,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>                    Defendant. | Case No.  5:24-cv-07885-EJD<br><br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report in response to this Court's order requesting a "joint statement identifying any disputes over the scope of initial discovery." ECF 69. The parties have come to multiple areas of agreement.

A. **Parties' joint statement**

This Court ordered that "[d]iscovery may proceed on a limited basis related to": "[1] the Government's interests and [2] the means to achieve those interests." ECF 65.

The parties agree that this order contemplates a two-stage discovery process, where the initial stage is this limited discovery period and the second stage will likely come after remand from appellate proceedings. So the parties also agree that the scope of this initial discovery period should be limited to sources for which the parties do not anticipate seeking further discovery in the second discovery period.

**Substantive scope of discovery.** The parties agree on the following substantive areas of discovery.

*Government's interest.* The parties agree that discovery into the government's interest may include:

- The interests the Legislature sought to advance at the time the law was enacted, as reflected in contemporaneous documentation;
- Specific problems the Legislature sought to address, as reflected in contemporaneous documentation; and
- Evidence that the Legislature contemporaneously relied on to establish the nature and causes of those problems.

*Means to achieve those interests.* The parties agree that discovery into the means of achieving the State's purported interests may include:

- Effectiveness of existing laws that also address the problems the law seeks to address.
- The feasibility of education and public awareness campaigns to target such problems without burdening speech.
- The availability of private alternatives to government regulation, such as third-party parental tools offered by non-NetChoice members; and

- The efficacy of those private alternatives.

**Start of next phase of discovery.** The parties agree that they will confer about discovery after the Ninth Circuit issues its merits decision in Plaintiff's pending appeal. They will file a statement in this court 21 days after that decision with proposal(s) for whether and when to begin further discovery.

### B.  Plaintiff's separate statement

This Court ordered that "[d]iscovery may proceed on a *limited basis* related to" two limited and discrete topics: "[1] the Government's interests and [2] the means to achieve those interests." ECF 65 (emphasis added).

Accordingly, before the Ninth Circuit issues its opinion on Plaintiff's appeal, the parties should engage only in the limited discovery contemplated by this Court's order and designed to avoid inefficiencies and duplicative discovery. Particularly at this early stage and with several issues pending before the Ninth Circuit, that discovery should be limited. Although NetChoice agrees that such limitations should include limitations on sources (as outlined in the joint statement above), discovery should also be limited in *subject matter*: areas for which appellate proceedings are unlikely to change the relevant facts.

*The Government's interest:* In applying heightened First Amendment scrutiny, the relevant inquiry is the nature of the State's "genuine" interest at the time the law was enacted, not an interest "invented *post hoc* in response to litigation." *United States v. Virginia*, 518 U.S. 515, 533 (1996); *see also Shaw v. Hunt*, 517 U.S. 899, 908 n.4 (1996) ("To be a compelling interest, the State must show that the alleged objective was the legislature's 'actual purpose' . . . and the legislature must have had a strong basis in evidence to support that justification *before* it implements the [law]." (emphasis in original)).

Accordingly, any discovery into the government's interest should be limited to evidence the State actually relied on at the time of enactment. Such evidence is uniquely in the possession of the State—not NetChoice.

*The means to achieve those interests:* Similarly, at this stage, this discovery should be confined to the alternatives to governmental restrictions that the State actually considered or rejected when passing the Act.

Any further discovery—and resolution of any disputes relating to such discovery—such as discovery into the Act's specific requirements, the way that regulated services (including NetChoice members) operate, and other matters should wait until (at least) after the Ninth Circuit decides the issues before it. Such limitations will avoid the potential for inefficient and duplicative discovery and discovery disputes that might ultimately prove unnecessary.

### C.  Defendant's separate statement

The Attorney General agrees to narrow the scope of discovery according to the parameters set forth in section A but emphasizes that he does not waive any argument as to the relevance of any evidence, including any evidence not included in section A above, for proving any element of any claim or defense, including those related to the topics set forth in section A. Moreover, none of the statements in section A should be understood as an admission or concession as to any factual or legal issue in this case.

Nevertheless, two areas of disagreement must be emphasized here. First, the parties dispute whether relevant discovery directed toward NetChoice's members should be treated as non-party discovery, including discovery within the agreed-upon scope set forth in section A. However, the Attorney General acknowledges that the agreed-upon scope of first-stage discovery may be interpreted to exclude discovery from NetChoice's members, in which case the Court need not decide this question at this stage.

Second, the Attorney General disputes that when the government seeks to establish a compelling interest, "any discovery into the government's interest should be limited to evidence the State actually relied on at the time of enactment." The Attorney General contends such a narrow interpretation goes against clearly established caselaw.  However, the Court need not, and should not, decide this question at this juncture. The scope of discovery set forth in section A can and should be read to avoid the necessity of reaching it.

If the Court does wish to reach that issue, NetChoice's argument fails for several reasons. First, it assumes that SB 976 is subject to strict scrutiny, which NetChoice has not established. Second, even if SB 976 is subject to strict scrutiny, the Supreme Court has already established that the interest SB 976 seeks to achieve is compelling. *Sable Commc'ns of Cal. v. FCC*, 492 U.S. 115, 126 (1989). Third, even if that were not so, there is no requirement that the compelling nature of the government's interest must be shown with materials that the Legislature relied on when it enacted the statute. The cases cited by NetChoice are inapposite. Notably, both concerned discrimination claims under the Equal Protection clause.[1] *United States v. Virginia*, 518 U.S. 515, 533 (1996); *Shaw v. Hunt*, 517 U.S. 899, 901–02 (1996). And, in NetChoice's cited cases, the government sought to substantiate a *different* justification from the one relied upon by the legislature. Here, the Attorney General does not seek to "hypothesize or invent" a new justification for SB 976, *Virginia*, 518 U.S. at 533; he seeks substantiate the *same* justifications on which the Legislature relied—that is, the "significant risk of harm to the mental health and well-being of children and adolescents" created by "addicted features" and "heavier usage" of social media. SB 976 §§ 1(b), (d). Finally, if the Court determines that it should reach this question, the Attorney General requests an opportunity to brief it fully.

---

[1] But in the equal protection context, courts regularly rely on evidence outside the legislative record when assessing a statute. *E.g.*, *Associated General Contractors of America, San Diego Chapter, Inc. v. California Dept. of Transportation*, 713 F.3d 1187, 1196 (9th Cir. 2013) (upholding race-based affirmative action program "supported by substantial statistical and anecdotal evidence"); *Concrete Works of Colo., Inc. v. City & County of Denver*, 321 F.3d 950, 972 (10th Cir. 2003) (government "can meet its burden" to show discriminatory exclusion "through the introduction of statistical and anecdotal evidence").

DATED: April 7, 2025

| | |
|---|---|
| Bradley A. Benbrook (SBN 177786)<br>Stephen M. Duvernay (SBN 250957)<br>**BENBROOK LAW GROUP, PC**<br>701 University Avenue, Suite 106<br>Sacramento, CA 95825<br>Telephone: (916) 447-4900<br>brad@benbrooklawgroup.com<br>steve@benbrooklawgroup.com<br><br>Joshua P. Morrow*<br>**LEHOTSKY KELLER COHN LLP**<br>408 W. 11th Street, 5th Floor<br>Austin, TX 78701<br>(512) 693-8350<br>josh@lkcfirm.com<br><br>Jared B. Magnuson*<br>**LEHOTSKY KELLER COHN LLP**<br>3280 Peachtree Road NE<br>Atlanta, GA 30305<br>(512) 693-8350<br>jared@lkcfirm.com | /s/ *Jeremy Evan Maltz*<br>Steven P. Lehotsky*<br>Scott A. Keller*<br>Jeremy Evan Maltz*<br>Shannon G. Denmark*<br>**LEHOTSKY KELLER COHN LLP**<br>200 Massachusetts Avenue, NW,<br>  Suite 700<br>Washington, DC 20001<br>(512) 693-8350<br>scott@lkcfirm.com<br>steve@lkcfirm.com<br>jeremy@lkcfirm.com<br>shannon@lkcfirm.com |

* Admitted *pro hac vice*.

*Attorneys for Plaintiff NetChoice*

DATED: April 7, 2025

/s/ *Christopher J. Kissel*
Rob Bonta, State Bar No. 202668
Attorney General of California
Lara Haddad, State Bar No. 319630
Supervising Attorney General
Jennifer E. Rosenberg, State Bar No. 275496
Shiwon Choe, State Bar No. 320041
Christopher J. Kissel, State Bar No. 333937
Deputy Attorneys General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*