COOLEY LLP
BENEDICT HUR (SBN: 224018)
(bhur@cooley.com)
JONATHAN PATCHEN (SBN: 237346)
(jpatchen@cooley.com)
MICHAEL ROME (SBN: 272345)
(mrome@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

ELIZABETH B. PRELOGAR (SBN: 262026)
(eprelogar@cooley.com)
RAYMOND P. TOLENTINO (*Pro Hac Vice Pending*)
(rtolentino@cooley.com)
EPHRAIM MCDOWELL (*Pro Hac Vice Pending*)
(emcdowell@cooley.com)
1299 Pennsylvania Avenue NW, Suite 700
Washington, District of Columbia 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Plaintiffs
Google LLC and YouTube, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NETCHOICE,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendant. | Case No. 5:24-cv-07885-EJD<br><br>**GOOGLE LLC'S AND YOUTUBE, LLC'S UNOPPOSED MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: The Honorable Edward J. Davila |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNOPPPOSED MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 5:24-CV-07885-EJD

## INTRODUCTION

Pursuant to Local Rules 3-12 and 7-11, Google LLC ("Google") and YouTube, LLC (together, "YouTube") file this Unopposed Administrative Motion to notify the Court of YouTube's recently filed action—*Google LLC & YouTube, LLC v. Bonta*, No. 5:25-cv-09795 (the "YouTube Action")—that is related to the above-captioned matter—*NetChoice v. Bonta*, No. 5:24-cv-07885-EJD (the "NetChoice Action" and, together, the "Actions"). All parties to the Action have consented to the relation of the Actions and have stipulated to relation as set forth in the joint stipulation concurrently filed herewith.

The Actions should be related because they meet all the criteria of Local Rule 3-12. They involve the same underlying transaction or events (YouTube's provision of personalized feeds to minors), and the same core legal issue—whether California Senate Bill 976 violates the First and Fourteenth Amendments of the United States Constitution. There is also significant party overlap. The California Attorney General (the "State") is the defendant in both actions. And while YouTube is not a party to the NetChoice Action, the plaintiff in that case—NetChoice—pursued an as-applied challenge to Cal. Health & Safety Code §§ 27001(a), 27002(b)(2), 27002(b)(2) (the "Personalized-Feed Provisions") on YouTube's behalf. In addition, relation would promote judicial efficiency by ensuring that a single Court presides over related challenges to Senate Bill 976. This will avoid the risk of inconsistent rulings and provide opportunities to coordinate merits briefing, as appropriate.

For these reasons and those set forth below, YouTube respectfully requests that this Court relate the Actions and that the YouTube Action be reassigned to this Court.

## BACKGROUND

In September 2024, California's Governor signed Senate Bill 976 (the "Act"), also known as the Protecting Our Kids from Social Media Addiction Act (codified at California Health & Safety Code § 27000 *et seq.*). The Act imposes restrictions on how (and when) social media platforms, such as YouTube, may select, recommend, and display content for minors based on personalized recommendations. Three provisions of the Act, referred to collectively herein as the Personalized-Feed Provisions, are relevant to both Actions:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

UNOPPOSED MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 5:24-CV-07885-EJD

- *Parental Consent to View Personalized Feeds (§ 27001(a))*. The Act prohibits minors from accessing personalized feeds without parental consent. Specifically, it is "unlawful for the operator of" a covered website "to provide an addictive feed to" a minor "user unless . . . [t]he operator has obtained verifiable parental consent[.]" § 27001(a). Notably, even if parental consent is obtained, the Act forces covered websites to create default settings for minor users' accounts that continue to restrict access until a "verified parent" (an undefined term) affirmatively changes those settings. § 27002(b)(1)-(5).

- *Default Restriction Limiting Access to Personalized Feeds Altogether (§ 27002(b)(4))*. The Act mandates that personalized feeds be disabled by default until the minor's "verified parent" alters that setting. § 27002(b)(4).

- *Default Restriction Limiting Access to Personalized Feeds for More than One Hour Per Day (§ 27002(b)(2)*). The Act mandates a default setting restricting minors' access to personalized feeds "to one hour per day unless modified by the verified parent." § 27002(b)(2).

On November 12, 2024, NetChoice—an internet trade association with several social media companies among its members, including Google and YouTube—filed its Action, and moved for a preliminary injunction, seeking to enjoin enforcement of the Act, including the Personalized-Feed Provisions. NetChoice Action, ECF Nos. 1, 2. NetChoice argued that the Act violated the First Amendment on its face and as applied to NetChoice's members (including Google and YouTube) and was unconstitutionally vague. *Id.*, at ECF No. 2 at 10. In support of the motion for a preliminary injunction, NetChoice submitted a declaration from Alexandra Veitch, the Director of Public Policy for the Americas at YouTube. *Id.*, at ECF. No. 2-3.

Ms. Veitch's declaration covered several topics, including YouTube's recommendation system, its minor-specific content and safety policies, its general content moderation policies, and the numerous safeguards YouTube has implemented and the parental controls it has made available as part of its approach to wellbeing for minors who use YouTube. *Id.* ¶¶ 6–37. She also described YouTube's compliance obligations under the Act, including under the Personalized-Feed Provisions. *Id.* ¶¶ 38–53.

This Court granted a preliminary injunction in part but declined to enjoin most of the Act's

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

UNOPPOSED MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 5:24-CV-07885-EJD

provisions. NetChoice Action, ECF No. 39. As relevant here, the Court rejected NetChoice's facial challenge to the central personalized-feed restriction because NetChoice had "not made a record . . . to show facial unconstitutionality." *Id.* at 22. And it concluded that NetChoice lacked associational standing to raise as-applied challenges for its members, reasoning that it was "necessary" for "NetChoice's individual members to participate in this lawsuit" for the Court to decide the as-applied First Amendment claims. *Id.* at 32. The Court found the default-restriction provisions (§ 27002(b)(2) and (4)) subject to the same analysis and declined to enjoin them for the same reasons. *Id.* at 28.

On appeal, the Ninth Circuit affirmed in relevant part, concluding NetChoice lacked standing to raise constitutional challenges to the Personalized-Feed Provisions on behalf of its members. *NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1014 (9th Cir. 2025). On November 13, 2025, YouTube filed a related action in the Northern District of California (San Jose Division), bringing claims under the same statute as NetChoice (42 U.S.C. § 1983) and asserting its own constitutional challenges under the First and Fourteenth Amendments to the Personalized-Feed Provisions of the Act. YouTube Action, ECF No. 6.

## LEGAL STANDARD

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). When a party knows or believes that an action filed in this District is related to another action pending in this District, "the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civil L.R. 3-12(b).

## ARGUMENT

The YouTube Action should be related to the NetChoice Action.

*First*, Local Rule 3-12(a)(1) is readily satisfied. To start, these cases involve substantially identical "transaction[s] or event[s]." Civil L.R. 3-12(a)(1). Both Actions are about YouTube's personalized recommendation feeds to minors and whether application of the Act to those feeds

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

UNOPPOSED MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 5:24-CV-07885-EJD

1  violates the First and Fourteenth Amendments. NetChoice Action, ECF No. 1 ¶¶ 72–88; YouTube
2  Action, ECF No. 6 ¶¶ 42–76. The resolution of both actions will require inquiry into facts about
3  YouTube's personalized feeds and its safeguards for minors. Indeed, a YouTube employee named
4  Alexandra Veitch submitted a declaration in support of NetChoice's motion for a preliminary
5  injunction in the NetChoice Action discussing YouTube's recommendation system and describing
6  YouTube's safeguards for minors and parental controls. NetChoice Action, ECF No. 2-3. The same
7  facts underpin the constitutional challenge in YouTube's Complaint, and YouTube anticipates
8  submitting a further declaration from Ms. Veitch in support of its motion for a preliminary
9  injunction in this case. This significant factual overlap supports relation. *In re Facebook Privacy*
10 *Litig.*, No. C 10-02389-JW, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010) (granting a motion
11 to relate cases where both cases had "overlapping . . . factual inquiries"); *McKinney v. Google, Inc.*,
12 No. C 10-01177 JW, 2010 U.S. Dist. LEXIS 144796, at *3–4 (N.D. Cal. Oct. 8, 2010) (same).

13       There is also significant party overlap. The State is the defendant in both cases. And while
14 YouTube is not party to the NetChoice action, it is one of the members on whose behalf the claim
15 was filed. This overlap in parties supports relation, especially since both cases involve claims
16 related to the same "transaction[s] or event[s]," Civil L.R. 3-12(a)(1), namely YouTube's provision
17 of personalized recommendations to minors. NetChoice Action, ECF No. 1 ¶¶ 6, 15, 28; YouTube
18 Action, ECF No. 6 ¶¶ 21–31.  This further supports relation.

19       The Actions also concern overlapping claims and legal issues. Plaintiffs in both cases allege
20 that the Act violates the First and Fourteenth Amendment as applied to YouTube and bring claims
21 against the State under § 1983. NetChoice Action, ECF No. 1 ¶¶ 6, 15, 28, 75–106; YouTube
22 Action, ECF No. 6 ¶¶ 42–68. Courts in this District regularly hold that overlapping claims against
23 the same defendant supports relation. *Loumena v. Nichols*, No. 15-CV-01372-BLF, 2016 WL
24 7645559, at *1 & n.2 (N.D. Cal. Feb. 3, 2016) (cases bringing claims under § 1983 against the same
25 defendant related); *In re Facebook Privacy Litig.*, 2010 WL 5387616, at *1 (granting a motion to
26 relate cases where both cases had the same defendant along with "overlapping causes of action");
27 *McKinney*, 2010 U.S. Dist. LEXIS 144796, at *3–4 (same).

28       *Second*, relating the Actions would avoid "unduly burdensome duplication of labor and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

UNOPPOSED MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 5:24-CV-07885-EJD

expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). This Court has already spent significant time considering the complicated legal and factual issues presented by YouTube's First Amendment challenge to the Act. *See* NetChoice Action, ECF No. 39. Thus, it would promote judicial economy to resolve these challenges in a single suit. Indeed, this Court already held that YouTube's participation in the NetChoice Action was necessary "for the purpose of conducting discovery into how [its] feed[] work[s]." *Id.* at 32. Relation will also avoid the risk of inconsistent rulings concerning the meaning of the Act's provisions, whether they implicate the First Amendment, and the level of scrutiny appropriate under First Amendment jurisprudence. *See In re Facebook Privacy Litig.*, 2010 WL 5387616, at *1 (cases with the same defendant, facts, and causes of action posed "a substantial risk of inconsistent judgments").

## CONCLUSION

YouTube respectfully requests the Court relate the Actions and reassign the YouTube Action to this Court.

Dated: November 13, 2025                    COOLEY LLP


                                            By: */s/ Elizabeth B. Prelogar*
                                                Elizabeth B. Prelogar

                                            Attorneys for Plaintiffs Google LLC and
                                            YouTube, LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

UNOPPOSED MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. 5:24-CV-07885-EJD