United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NETCHOICE, LLC,

Plaintiff,

v.

ROB BONTA,

Defendant.

Case No. 5:24-cv-07885-EJD

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT**

Re: ECF No. 98

Before the Court is NetChoice's ("Plaintiff" or "NetChoice") Motion to Extend the Deadline to File its First Amended Complaint ("Motion"). Mot., ECF No. 98. Plaintiff moves to extend its time to file an amended complaint from September 2, 2026, until two weeks after the Attorney General adopts the final age assurance regulations pursuant to California Health and Safety Code section 27006(b). *Id.* at 1. Attorney General Rob Bonta ("the Attorney General") opposes any extension of NetChoice's deadline to amend its complaint except as to its age-assurance claim. Opp'n 2, ECF No. 99. For the reasons set forth below, the Court DENIES Plaintiff's Motion.

## I. BACKGROUND

NetChoice filed its Complaint in this action on November 12, 2024, challenging several provisions of California Senate Bill 976 ("the Act"). Compl., ECF No. 1. In particular, Plaintiff challenged the: parental consent provisions (§§ 27001(a), 27002(a), 27002(b)(2)); age assurance requirements (§§ 27001(a)(1)(B), 27002(a)(2), 27006); default limitations on minors' accounts (§ 27002(b)(1), (3)–(5)); and disclosure requirements (§ 27005). *See generally id.* The same day it filed its complaint, NetChoice moved this Court for a preliminary injunction. *See* Mot. for Prelim.

Inj., ECF No. 2. The Court heard argument on the preliminary injunction motion on December 17, 2024, and issued its Order granting in part and denying in part the preliminary injunction on December 31, 2024. Prelim. Inj. Order, ECF No. 39. As Plaintiff emphasizes, the Court found that NetChoice's "challenge to the age assurance requirements [was] prudentially unripe because the requirements" were still in flux. Mot. 2 (citing Prelim. Inj. Order). The Court also addressed Plaintiff's other challenges, ultimately preliminarily enjoining the Act's provisions that limited notification timing (§ 27002(a)), required default limitations on minors' accounts relating to the timing of such notifications (§ 27002(b)(1)), and that required operators to make annual public disclosures (§ 27005). *See generally* Prelim. Inj. Order.

Plaintiff appealed this Court's Order, challenging the "provisions of the Act that the district court left in place." *NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1011 (9th Cir. 2025). On September 9, 2025, the Ninth Circuit affirmed this Court's findings in many respects, agreeing that: (1) NetChoice lacked associational standing on behalf of its members to challenge the Act's personalized-feed provisions; (2) the private-mode default setting provision need not be enjoined; and (3) NetChoice's as-applied challenge to the age-verification requirement was unripe. *See id.* at 1012–19, 1025. As to the regulation of like counts in particular, the Ninth Circuit reversed this Court's decision, finding that NetChoice is likely to prevail on the merits of the like-count provision and that the provision should be preliminarily enjoined. *Id.* at 1016–17. The Ninth Circuit continued to address NetChoice's facial challenges, holding that, based on the record before it, NetChoice had not met its burden to establish that the Act's restrictions on minors' access to algorithmic feeds were "unconstitutionally 'lopsided.'" *Id.* at 1022 (quoting *United States v. Hansen*, 599 U.S. 762, 770 (2023)). The Ninth Circuit concluded that, for the same reasons as the as-applied challenges, NetChoice established a likelihood of success for its facial challenge to the like-count provision and that its facial challenge to the age-verification provisions was unripe. *Id.*

The Ninth Circuit denied NetChoice's petition for panel rehearing and rehearing en banc on November 6, 2025. *See NetChoice v. Bonta*, No. 25-146, ECF No. 75 (9th Cir. Nov. 6, 2025).

United States District Court
Northern District of California

## II. DISCUSSION

Civil Local Rule 6-3, which governs motions to modify deadlines, provides that a motion to enlarge time must (1) set forth with particularity the reasons for requested enlargement; (2) describe the efforts the party has made to obtain a stipulation; (3) identify the substantial harm or prejudice that would occur if the Court did not change time; (4) disclose all previous time modifications in the case; and (5) describe the effect the requested time modification would have on the schedule. Civil L.R. 6-3.

NetChoice argues that amendment of its complaint should await the issuance of the Attorney General's forthcoming age assurance regulations because the text of these regulations will inform the amended complaint's substance. Mot. 3. Although not explicitly referred to as such, Plaintiff contends that it will suffer prejudice if the Court does not change time because "[p]remature amendment raises the risk that all of this work will require further modification based on" the final regulations and result in wasted resources and a muddied judicial record. *Id.* NetChoice argues that the Attorney General will not be prejudiced because the deadlines previously adopted will "remain tethered to NetChoice's amendment in the same way as before." *Id.*

The Attorney General opposes NetChoice's motion, noting that NetChoice's age-assurance claim is only one of several claims in NetChoice's complaint. Opp'n 2. As NetChoice decides which claims it intends to pursue, the Attorney General "has been prevented from enforcing the provisions of [the Act] that this Court enjoined in December 2024." *Id.* at 3. Thus, while NetChoice seeks to avoid wasting resources or muddying the judicial record, despite Plaintiff's suggestion to the contrary, the Attorney General also suffers prejudice from a delay in the adjudication of the lawfulness of provisions of the Act. Although the Court recognizes that NetChoice may incur some additional costs from amending its complaint before the age-assurance regulations are finalized, the Court finds that NetChoice will not suffer substantial harm or prejudice if the Court does not enlarge its time. Indeed, NetChoice is free to seek leave to file a further amended complaint after the age-assurance regulations are finalized.

For the foregoing reasons, Plaintiff's Motion is DENIED. Plaintiff must file its amended complaint within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: September 29, 2026

EDWARD J. DAVILA
United States District Judge