Isaac D. Chaput (Bar No. 326923)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
(415) 591-6000
ichaput@cov.com

Alexander L. Schultz (Bar No. 340212)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, California 90067-4643
(424) 332-4800
aschultz@cov.com

*Attorneys for Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

NETCHOICE,

Plaintiff,

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

Case No. 5:24-cv-07885-EJD

**META PLATFORMS, INC.'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

Non-party Meta Platforms, Inc. ("Meta") respectfully opposes Defendant Rob Bonta's ("Defendant") motion to relate (1) affirmative challenges to one California statute, AB 1709,[1] to (2) different affirmative challenges to a distinct California statute, SB 976.[2]

In recent years, California has passed several statutes imposing restrictions on social media and other online services, many of which have been challenged as unconstitutional under the First Amendment by the same trade association, NetChoice, LLC, as well as other plaintiffs. Defendant's motion rests on the incorrect premise that a single district judge must preside over all such affirmative challenges whenever there is some overlap between two challenged statutes. Defendant's premise is flatly contradicted by how district courts in the Ninth Circuit have managed such affirmative litigation to date.

If Defendant were correct, then every one of the below cases—which involve the same plaintiff, the same defendant, and constitutional challenges to California statutes regulating social media and other online services—should be before a single judge:

- In *NetChoice, LLC v. Bonta*, No. 5:22-cv-08861-BLF (N.D. Cal. filed Dec. 14, 2022), Judge Freeman presides over Plaintiff NetChoice's First Amendment and other constitutional challenges to California's Age-Appropriate Design Code Act ("AB 2273"), which compels providers to (among other things) implement age-estimation measures, complete a "data protection impact assessment," make related disclosures, limit the use of user-specific data, and restrict the use of certain design features described as "dark patterns." *See* Cal. Civ. Code §§ 1798.99.30–.31; *NetChoice, LLC v. Bonta*, 770 F. Supp. 3d 1164, 1183 (N.D. Cal. 2025) (describing AB 2273's requirements).

---

[1] *Meta Platforms, Inc. v. Bonta*, No. 3:26-cv-13201-AGT (N.D. Cal. filed Nov. 4, 2026); and *Google LLC & YouTube, LLC v. Bonta*, No. 5:26-cv-13204-BLF (N.D. Cal. filed Nov. 4, 2026) (collectively, "AB 1709 Litigations").

[2] *NetChoice v. Bonta*, No. 5:24-cv-07885-EJD (N.D. Cal. filed Nov. 12, 2024); *Meta Platforms, Inc. v. Bonta*, No. 5:25-cv-09792-EJD (N.D. Cal. filed Nov. 13, 2025); *Google LLC & YouTube, LLC v. Bonta*, No. 5:25-cv-09795-EJD (N.D. Cal. filed Nov. 13, 2025); and *TikTok, Inc. & TikTok USDS Joint Venture LLC v. Bonta*, No. 5:25-cv-09789-EJD (N.D. Cal. filed Nov. 13, 2025) (collectively, "SB 976 Litigations").

- In *NetChoice v. Bonta*, No. 5:24-cv-07885-EJD (N.D. Cal. filed Nov. 12, 2024), this Court presides over NetChoice's challenge to SB 976, which, like AB 2273, imposes requirements related to determining users' ages on covered online services, compels certain disclosures, and restricts the use of certain design features—including by requiring parental consent for minors to access personalized feeds and nighttime notifications, and also restricting like counts and private mode. *See* Cal. Health & Safety Code §§ 27001–02, 27005–06; *NetChoice v. Bonta*, 761 F. Supp. 3d 1202, 1210 (N.D. Cal. 2024) (describing SB 976's requirements). This Court also presides over subsequent challenges to the same statute filed by Meta; Google, LLC; YouTube, LLC; TikTok, Inc.; and TikTok USDS Joint Venture LLC.
- In *NetChoice v. Bonta*, No. 5:25-cv-03178-BLF (N.D. Cal. filed Apr. 9, 2025), Judge Freeman presides over NetChoice's First Amendment and other challenges to California Senate Bill 1144 of 2024 ("SB 1144"), which requires online marketplaces to track third-party sales and monitor listings for fraudulent activity. *See* Cal. Civ. Code § 1749.8 *et seq*.; *NetChoice v. Bonta*, 790 F. Supp. 3d 798, 802 (N.D. Cal. 2025).
- In *NetChoice v. Bonta*, No. 2:26-cv-12370-GW-DSR (C.D. Cal. filed Oct. 22, 2026), Judge Wu presides over NetChoice's First Amendment challenge to California Assembly Bill 56 ("AB 56"), which requires covered platforms to display a state-written "warning" about the purported dangers of social media. *See* Cal. Health & Safety Code §§ 28000–02.

Despite involving identical parties (Plaintiff NetChoice and Defendant Bonta) and some overlap in subject matter and legal issues, the above cases—*all of which concern distinct California statutes*—have each been assigned without the proceedings being related. *See also, e.g.*, Order Denying Motions to Relate Actions, *S.F. Veteran Police Officers Ass'n v. City & County of San Francisco*, No. 3:13-cv-05351, ECF No. 29 (N.D. Cal. Jan. 3, 2014) (declining to relate affirmative challenge to "San Francisco city ordinance" to another affirmative challenge to "a similar ordinance promulgated by the city of Sunnyvale").

Defendant's request that this Court diverge from this established practice, and designate the AB 1709 and SB 976 Litigations as related, ignores the important differences between these distinct statutes. AB 1709 imposes a flat prohibition on covered services providing autoplay or personalized feeds to users under the age of 16; authorizes the Attorney General to prohibit additional features by regulation; and requires covered services to delete certain users' accounts. Cal. Bus. & Prof. Code §§ 22683(a)(1), 22684(b)(1), 22685(a). SB 976, by contrast, creates a regime of default settings and parental-consent barriers; does not restrict autoplay at all; only partially restricts—and does not flatly ban—personalized feeds; does not grant rulemaking authority to prohibit additional design features; and does not require the deletion of user accounts. *See* Cal. Health & Safety Code §§ 27000.5(a), 27001(a), 27002, 27006.

The differences between AB 1709 and SB 976 will give rise—and, comparing Meta's preliminary injunction motions across the litigations, *have* given rise—to meaningfully different legal analyses. Meta's First Amendment and Section 230 challenges to AB 1709's autoplay ban and account-deletion requirement have no parallel in the SB 976 challenges. *See* Plaintiff Meta Platforms, Inc.'s Notice of Motion & Motion for Preliminary Injunction 13–16, 22–24, *Meta Platforms, Inc. v. Bonta*, No. 26-cv-13201, ECF No. 6 (N.D. Cal. Nov. 5, 2026). And Meta's First Amendment challenge to AB 1709's flat prohibition on personalized feeds for users under 16 is grounded in part on the statute's distinct legislative history. *See id.* at 10. Moreover, Defendant has admitted in his merits brief before the Ninth Circuit that a statute that imposes a flat *ban* on personalized feeds—such as AB 1709—is even more likely to be unconstitutional than a statute, like SB 976, that includes a parental-consent exception. *See* Appellee Answering Brief 50, *NetChoice, LLC v. Bonta*, No. 25-146 (9th Cir. Feb. 27, 2025), ECF No. 33 (pointing to SB 976's "parental consent requirements as evidence of narrow tailoring that favored upholding [the] statute" (emphasis removed)); *see also* Appellee's Opposition to Appellant's Motion for Preliminary Injunction Pending Appeal 18, *NetChoice, LLC v. Bonta*, No. 25-146 (9th Cir. Jan. 13, 2025), ECF No. 8.1 (asserting that SB 976 is not "insufficiently tailored . . . because it allows minors to access addictive feeds *with parental consent*" (emphasis added)).

Defendant's arguments for relating the AB 1709 Litigations to the SB 976 Litigations simply ignore these statutory differences—and would also imply that the SB 976 Litigations before this Court should have been related to NetChoice's earlier-filed California Age-Appropriate Design Code Act (AB

2273) challenge before Judge Freeman. Again, Defendant's demand that this Court break with prior District practice should be rejected.

*First*, Defendant points out that the same parties are litigating both the AB 1709 and SB 976 Litigations. Mot. 1 n.2. But the same is true of the earlier-filed AB 2273 litigation. *Compare NetChoice, LLC v. Bonta*, No. 22-cv-08861, *with NetChoice v. Bonta*, No. 24-cv-07885. And courts have declined to relate cases involving the same parties, as that factor alone is not dispositive. *See, e.g.*, *Ramachandran v. Ballard*, 2023 WL 6538387, at *1 (N.D. Cal. July 18, 2023).

*Second*, Defendant points out that AB 1709 and SB 976 both impose restrictions (albeit different ones) on "addictive feeds." *See* Mot. 1–2. But SB 976 and AB 2273 also have parallel requirements—including provisions that require assessing users' age, *compare* Cal. Health & Safety Code § 27006, *with* Cal. Civ. Code § 1798.99.31(a)(5); compel disclosures by covered platforms, *compare* Cal. Health & Safety Code § 27005, *with* Cal. Civ. Code § 1798.99.31(a)(1)(A); and restrict design features or practices, including personalized content recommendations, *compare* Cal. Health & Safety Code §§ 27000.5(a), 27001(a), *with* Cal. Civ. Code § 1798.99.31(b)(4), (7); *see also NetChoice, LLC v. Bonta*, 113 F.4th 1101, 1118 (9th Cir. 2024) (explaining how AB 2273's restriction on "data profiling" could restrict personalized content recommendations).

Of course, SB 976 and AB 2273 also have their differences, which is presumably why the affirmative challenges to those statutes were not related. And AB 1709 has its differences, too—again, it has multiple other provisions with no parallel in SB 976, including an account-deletion requirement, a ban on autoplay, and a ban on features to be designated later by the Attorney General by regulation. *See* Cal. Bus. & Prof. Code §§ 22682(a), 22684, 22686.

Following established District practice—and declining Defendant's invitation to relate affirmative challenges to different statutes with distinct requirements—would hardly necessitate an "unduly burdensome duplication of labor." Civ. L.R. 3-12(a)(2). If anything, it would be "unduly burdensome" for a single judge to have to preside over all affirmative challenges to California statutes whenever the statutes contain a single overlapping provision, as Defendant's argument suggests. Moreover, the only potential source of "duplication of labor" derives from Meta's First Amendment arguments raised against SB 976's personalized-feed restrictions. But that issue is already on appeal. *See Carlyle Fortran Tr. v.*

*NVIDIA Corp.*, 2008 WL 4717467, at *1 (N.D. Cal. Oct. 24, 2008) (finding "little possibility" of a burdensome duplication of labor to the extent cases were already "on appeal before the Ninth Circuit"). And, again, Meta's challenges to AB 1709's autoplay ban and account-deletion requirement have no parallel in the SB 976 Litigations.

The Court should adhere to prior District practice, decline to relate affirmative challenges to distinct California statutes, and deny Defendant's motion.

DATED: November 9, 2026

By: */s/ Isaac D. Chaput*

Isaac D. Chaput (Bar No. 326923)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
(415) 591-6000
ichaput@cov.com

Alexander L. Schultz (Bar No. 340212)
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, California 90067-4643
(424) 332-4800
aschultz@cov.com

*Attorneys for Meta Platforms, Inc.*