Steven P. Lehotsky*
Jeremy Evan Maltz*
Serena M. Orloff, SBN 260888
LEHOTSKY COHN LLP
200 Massachusetts Ave., NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lehotskycohn.com
jeremy@lehotskycohn.com
serena@lehotskycohn.com

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
BENBROOK LAW GROUP, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Attorneys for Plaintiff NetChoice*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| NETCHOICE,<br><br>Plaintiff,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendant. | No. 5:24-cv-07885-EJD<br><br>**NETCHOICE'S RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rule 3-12(e), NetChoice respectfully responds to Defendant's Administrative Motion (ECF 106) (Motion) to relate this lawsuit against California Senate Bill 976, and similar lawsuits brought by TikTok, Google, Meta, and YouTube against SB 976, with more recent lawsuits brought by Meta, Google, and YouTube challenging a different law, California Assembly Bill 1709.

NetChoice takes no position on Defendant's Motion, which was made without conferring with counsel for NetChoice. NetChoice observes, however, that relating the AB 1709 cases with the already-related cases against SB 976 could complicate the coordination of litigation across the six different cases, which are at three different stages and involve four different parties. NetChoice's case was brought in late 2024; the lawsuits of TikTok, Google, Meta, and YouTube

against SB 976 were filed in November 2025, with a currently pending appeal before the Ninth Circuit; and the lawsuits of Meta, Google, and YouTube against AB 1709 were just filed in November 2026. Further, although there is some overlap of issues in the cases, because the cases involve different laws, different legislative records, only partial overlap of the parties, and (in NetChoice's view) largely legal issues, NetChoice does not believe that proceeding before different judges would entail an "unduly burdensome duplication of labor and expense" or the type of "conflicting results" that relatedness is meant to address. *Cf. Borodaenko v. Twitter, Inc.*, No. 22-CV-07226-AMO, 2023 WL 5239655, at *3 (N.D. Cal. Aug. 15, 2023) (denying consolidation where it "would not promote judicial economy" because cases were in different stages of litigation).

Dated: November 10, 2026

Respectfully submitted,

____*Serena Orloff*____________

Steven P. Lehotsky*
Jeremy Evan Maltz*
Serena M. Orloff (SBN 260888)
LEHOTSKY COHN LLP
200 Massachusetts Ave., NW,
Suite 700
Washington, DC 20001
(512) 693-8350
steve@lehotskycohn.com
jeremy@lehotskycohn.com
serena@lehotskycohn.com

Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
BENBROOK LAW GROUP, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

* Admitted *pro hac vice*